IGNACIA S. MORENO
Assistant Attorney General
JARED S. PETTINATO, MT Bar No. 7434
SAMANTHA FRANK, NY Bar No. SK-9874
Trial Attorneys
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0203
Tel: (202) 305-0474
Fax: (202) 353-0274
Jared.Pettinato@usdoj.gov
Samantha.Frank@usdoj.gov
*Attorneys for the Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KARUK TRIBE, KLAMATH-SISKIYOU WILDLANDS CENTER, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and KLAMATH FOREST ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>TYRONE KELLEY, in his capacity as Forest Supervisor, Six Rivers National Forest, and THE UNITED STATES FOREST SERVICE,<br><br>Defendants. | No. 3:10-cv-2039-WHA<br><br>Judge William H. Alsup<br><br>**DECLARATION OF JULIE A. BURCELL** |

I, Julie A. Burcell, make the following declaration:

1. I am an Archaeologist employed by the United States Department of Agriculture, Forest Service ("Forest Service"). My current position is Heritage Program Manager for the Six Rivers National Forest, and I have held this position since November of 2009. Prior to my current position, I was the Acting Regional Tribal Relations Program Manager for the Pacific Southwest Region from October 2008 to January 2009. I was the Heritage Program Manager on the Plumas National Forest from February 2007 through September 2008. My federal experience in cultural resources management spans eighteen years, including eight years as Lead Archaeologist for the Bureau of Land Management (BLM), Ukiah Field Office. I have performed Tribal Relations duties at the local and state level for both the BLM and the Forest Service.

2. My educational background includes a Bachelor's Degree in Anthropology (emphasis in California prehistory) and a Master's Degree in Cultural Resources Management, both from Sonoma State University. As part of my graduate studies, I completed an internship at the California State Historic Preservation Office (Fall 2000), during which I assisted in Section 106 review for federal undertakings.

3. As Heritage Program Manager for the Plumas National Forest, I provided oversight for a highly complex program of work focused on community-based fuels reduction and vegetation management under the Herger-Feinstein Quincy Library Group Forest Recovery Act. I ensured Forest Service compliance with the "First Amended Regional Programmatic Agreement Among the U.S.D.A. Forest Service, Pacific Southwest Region, California State Historic Preservation Officer, and the Advisory Council on Historic Preservation Regarding the Process for Compliance with Section 106 of the National Historic Preservation Act for Undertakings on the National Forests of the Pacific Southwest Region" (Regional PA). I was responsible for review of over 100 undertakings annually. My responsibilities required working knowledge of the National Historic Preservation Act (NHPA), the National Environmental Policy Act (NEPA),

and a variety of other laws, regulations and policies. Similarly, I was certified under the Protocol Agreement between BLM California and the California State Historic Preservation Office as the BLM Ukiah Field Office Archaeologist, and was responsible for all tribal relations and cultural resources program oversight for a management unit which included nine counties.

4.     My current position as Heritage Program Manager has the same types of responsibilities as my prior position with the Plumas National Forest, including ensuring Forest Service compliance with the Regional PA for undertakings within the Six Rivers National Forest. I began working on the Orleans Community Fuels Reduction and Forest Health Project (OCFR) Project shortly after Project implementation began. I have reviewed and am familiar with the administrative record for the Record of Decision (ROD) for the OCFR Project, including the OCFR Final Environmental Impact Statement (FEIS). I am also familiar with the post-ROD documents for the OCFR Project. The Forest Service utilized the PA for compliance with Section 106 of the NHPA and to analyze potential effects to historic properties for the Project in the OCFR FEIS. I have reviewed all documentation supporting that analysis including Cultural Resources Inventory Reports (CRIRs), archaeological site records, pertinent National Register of Historic Places (NRHP) eligibility determinations, and the NRHP determination of eligibility for the Panamnik World Renewal Ceremonial District (Panamnik District). AR005853, 005870, 005879, 005895, 005903, 005914, 005959, 005977, 00579. I have also reviewed the plaintiffs' complaint and Memorandum in Support of Motion for Summary Judgment and am familiar with the plaintiff's allegations regarding the OCFR Project.

4.     On August 31, 2010, the Forest Service sent the California State Historic Preservation Officer (SHPO) a letter, pursuant to Stipulation 5 of the Regional PA, seeking concurrence on proposed mitigation measures for inadvertent effects during OCFR Project implementation. AR005623. As a follow-up to this letter, on February 19, 2011, Forest Supervisor Tyrone Kelley, Greg Greenway, Regional Archaeologist, and I met with SHPO's staff to request

3

SHPO's concurrence for implementation of the proposed mitigation measures identified in the August 31, 2010 letter to resolve inadvertent effects to historic properties within the OCFR Project area. On March 3, 2011, SHPO sent a letter to the Forest Service in response to the Forest Service's request for concurrence with the proposed mitigation measures. Attached to my declaration as Exhibit 1 is a true and accurate copy of SHPO's March 3, 2011 letter to the Forest Service.

5.  In its March 3 letter, SHPO proposed that the Karuk Tribe be invited to be a consulting party in the development of the MOA and a full signatory to that MOA. See, Exhibit 1. The Forest Service concurs with SHPO's proposal. On March 23, 2011, Tyrone Kelley, Forest Supervisor, sent a letter to the Chair of the Karuk Tribe requesting a government-to-government consultation to discuss whether the Tribe will work with the Forest Service and SHPO in the development of the MOA, and whether they will be a signatory to the MOA. Attached to my declaration as Exhibit 2 is a true and accurate copy Forest Supervisor Kelley's letter. If the MOA is developed and signed, the Forest Service will implement the agreed upon mitigation measures during the 2011 field season. If for any reason a MOA cannot be developed or agreed upon by the parties, the Forest Service will follow the procedures in Stipulation V of the Regional PA, and request the Advisory Council on Historic Preservation's comments.

6.  Concurrent with the development of the MOA, the Forest Service intends to allocate resources for NHPA Section 110 activities within the Panamnik World Renewal Ceremonial District, including development of a formal National Register of Historic Places nomination. While Fiscal Year 2011 funding has not yet been approved by Congress, funding has been allocated through the Forest Service's budget planning process for updating the NRHP eligibility. In Fiscal Year 2010, the Forest Service had secured funding for these Section 110 activities, but had not received concurrence from SHPO. As a result, the Forest Service could not move forward with the Section 110 activities. The Forest Service has consulted with the

4

Karuk Tribe regarding these Section 110 activities, and based on the Tribe's input, is developing an agreement with Humboldt State University to complete the nomination.

7. For the past few years, the Pacific Southwest Region of the Forest Service has been coordinating with SHPO and the ACHP in the development of a new Regional PA. The Forest Service is preparing to make the final draft available for public information in the near future. The Forest Service anticipates that the new Regional PA will be signed by the parties this year.

8. As of the date of my declaration, the OCFR Project is still suspended and operations have not resumed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 3/25, 2011.

JULIE A. BURCELL