# EXHIBIT TK-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KARUK TRIBE, KLAMATH-SISKIYOU WILDLANDS CENTER, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and KLAMATH FOREST ALLIANCE, <br><br> Plaintiffs, <br><br> v. <br><br> TYRONE KELLEY, in his capacity as Forest Supervisor, Six Rivers National Forest, and THE UNITED STATES FOREST SERVICE, <br><br> Defendants. | No. 3:10-cv-2039-WHA <br><br> Judge William H. Alsup <br><br> DECLARATION OF TYRONE KELLEY |

I, Tyrone Kelley, declare:

1. I am employed by the U.S. Department of Agriculture, Forest Service ("Forest Service"). I have been employed by the Forest Service since 1986. My current position is Forest Supervisor for the Six Rivers National Forest ("Six Rivers NF") in California. I have held this position since June 2006.

2. As the Forest Supervisor, I am responsible for the management of the National Forest System ("NFS") lands and resources within the Six Rivers NF. As part of my duties, I supervise four District Rangers, for the three Ranger Districts and the Smith River National Recreation Area within the Six Rivers NF, and Forest Service employees within the Supervisor's Office of the Six Rivers NF and supervise, manage, and make decisions for programs, projects, and operations within the Six Rivers NF. I am familiar with the NFS lands within the Six Rivers NF for which I have management responsibility.

3. I signed the Record of Decision for the Final Environmental Impact Statement ("FEIS") for the Orleans Community Fuels Reduction and Forest Health Project ("OCFR Project"). I am familiar with the scoping, planning and environmental analysis of the effects of the OCFR Project; the First Amended Pacific Southwest Regional Programmatic Agreement that the Forest Service used for the OCFR Project in compliance with the National Historic Preservation Act; the implementation of the OCFR Project implementation; the OCFR Project implementation's inadvertent effects to the Panamnik World Renewal Ceremony District ("Panamnik District"); the Plaintiffs' Complaint; and the cross-motions for summary judgment.

4. I received the March 3, 2011, letter from the State Historic Preservation Officer ("SHPO"). SHPO requested consultation with the Forest Service to determine the appropriate measures to mitigate the inadvertent adverse effects that occurred during the implementation of the OCFR project. SHPO expected that the two parties would develop a Memorandum of Agreement ("MOA") during that process. In addition, SHPO requested the Forest Service to determine whether the Karuk Tribe ("Tribe") was interested in participating in developing the contemplated MOA. On March 23, 2011, I sent a letter to Mr. Super, Chair of the Karuk Tribe ("Tribe"), in which I requested to consult with the Tribe on a government-to-government basis to determine whether the Tribe had interest in participating with SHPO and the Forest Service to develop that MOA. Specifically, I asked whether the Tribe wanted to be signatory to the MOA.

5. On April 28, 2011, I met with Mr. Super, Chair of the Tribe, and reminded him of the March 23 letter I had sent him regarding the proposed MOA. I inquired about the Tribe's response because I had not received any response. Mr. Super informed me that he was aware of the letter and would respond to me. After returning to the Supervisor's Office later that day, I received a letter, dated April 27, 2011, from Ms. Rouvier, who serves as the Tribe's Tribal

Heritage Preservation Officer, in response to my March 23 letter. A true and correct copy of that April 27, 2011, letter which I received on April 28, 2011, is attached as Exhibit TK-1 to my declaration.

6. On May 12, 2011, during my government-to-government consultation with Mr. Super, Chair, and members of the Tribal Council at the Bi-Annual Forest Service/Karuk Tribe Summit meeting, we set a tentative meeting date of July 25, 26, 28, or 29th to meet to develop mitigation measures for a draft MOA.

8. As of the date of my declaration, the OCFR project is still suspended and operations have not resumed.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

DATE: May 16, 2011.

_____
Tyrone Kelley