IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARUK TRIBE, KLAMATH-SISKIYOU WILDLANDS CENTER, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and KLAMATH FOREST ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>TYRONE KELLEY, in his capacity as Forest Supervisor, Six Rivers National Forest, and THE UNITED STATES FOREST SERVICE,<br><br>Defendants. | No. C 10-02039 WHA<br><br>**ORDER CONDITIONALLY APPROVING REVISED REMEDIAL PLAN, LIFTING INJUNCTION, AND VACATING CASE MANAGEMENT CONFERENCE** |

## INTRODUCTION

In this environmental action, defendants seek approval of their revised proposed remedial plan and permission to resume implementation of the Orleans Community Fuels Reduction and Forest Health Project. For the reasons stated below, a modified version of defendants' plan is **APPROVED**, and the injunction is **LIFTED**.

## STATEMENT

The facts of this action were set forth in the summary judgment order (Dkt. No. 56). Following cross-motions for summary judgment, the federal defendants received judgment in their favor save and except for one issue: plaintiffs' theory that defendants violated the National Historic Preservation Act by failing to adequately implement preventative mitigation measures. Specifically, the set of communication methods adopted by defendants was found inadequate to

1 inform Timber Products Company (the logging contractor) that certain preventative mitigation
2 measures were imperative. Defendants were enjoined from conducting further implementation of
3 the Orleans Community Fuels Reduction and Forest Health Project until appropriate remedial
4 measures were established to bring the project into compliance. Defendants were ordered to
5 formulate a remedial plan (*id.* at 20–21).

6 Defendants submitted a proposed remedial plan, and plaintiffs filed copious objections to
7 the plan (Dkt. Nos. 58-2, 61). The parties were ordered to meet and confer to attempt to resolve
8 plaintiffs' objections. Following the meeting, the parties were to jointly file a revised version of
9 the plan, plus a list of all remaining objections with a brief statement from each side addressing
10 each one (Dkt. No. 62). Even with the benefit of a deadline extension, however, the parties were
11 unable to agree to a joint filing. Defendants filed a revised plan and their responses to each of
12 plaintiffs' 24 remaining objections, which plaintiffs filed separately. Defendants seek approval of
13 the revised plan and release of the injunction; plaintiffs oppose (Dkt. Nos. 66, 69).

## ANALYSIS

15 Having reviewed the submissions from both sides, defendants' proposed remedial plan
16 (Dkt. No. 66-1) is hereby **APPROVED** with following modifications and caveats.

17 *First*, a representative from Timber Products shall attend the pre-implementation planning
18 meeting described in paragraph I.B. of the revised proposed remedial plan. Defendants state that
19 the Forest Service will "invite" Timber Products to send a representative to the meeting but that
20 there is no contractual provision by which the Forest Service can mandate attendance by a Timber
21 Products representative (Dkt. No. 66-1 at 3). This order finds that participation in the meeting by
22 a Timber Products representative is important to improving communication between the Forest
23 Service and Timber Products and therefore requires that Timber Products send a representative to
24 the meeting.

25 *Second*, defendants note that the contract with Timber Products places upon Timber
26 Products "a general duty to protect all known and identified resources" (AR 4343; Dkt. No. 58
27 at 6). Timber Products is hereby put on notice that any substantial failure to comply with the
28 instructions it receives from the Forest Service or the Six Rivers National Forest Archaeologist

2

United States District Court
For the Northern District of California

1 will constitute a breach of the contract, and that such a breach may be grounds for monetary
2 sanctions or termination of the contract.

3     *Third*, the specific procedural safeguards set forth in the remedial plan focus primarily on
4 improving communication regarding areas within which work should be avoided altogether.
5 Additionally, similar measures should be used to identify areas in which work may be undertaken
6 only with certain restrictions. For example, concerns as to the type of equipment that may be
7 used, and the weather conditions and times of year when work may be completed in certain areas
8 have been raised in this action. Paragraph I.E of the remedial plan provides that "[i]f the
9 Archaeologist decides any other methods are necessary to protect the Panamnik District, it will
10 describe those methods on the Timber Sale Administration Report" (Dkt. No. 66-1 at 5). This
11 order approves the remedial plan with the understanding that this provision encompasses
12 restrictions on the way work may be done within certain areas.

13     To the extent not addressed herein, plaintiffs' remaining objections are **OVERRULED**. This
14 order finds that the revised remedial plan, as modified herein, provides an adequate procedural
15 solution to the communication problem identified in the summary judgment order. Plaintiffs will
16 be able to monitor project implementation and provide additional information and concerns to
17 defendants, who in turn will provide continuing implementation guidance to Timber Products.
18 Paragraph I.H of the revised remedial plan, for example, establishes specific mechanisms through
19 which this communication channel will function. The public interest in resuming project work in
20 order to reduce the risk of wildfire is compelling, and the Forest Service has discretion to manage
21 project implementation after considering input from groups like plaintiffs. *See Te-Moak Tribe*
22 *of W. Shoshone of Nev. v. United States Dep't of the Interior*, 608 F.3d 592, 607 (9th Cir. 2010).

23     Because the revised remedial plan as modified herein is acceptable, the injunction
24 is **LIFTED**. Implementation of the Orleans Project may continue pursuant to the revised remedial
25 plan and the foregoing conditions. *Counsel shall promptly serve a copy of this order on*
26 *Timber Products.*

**CONCLUSION**

Defendants' revised proposed remedial plan (Dkt. No. 66-1) is **APPROVED** subject to the foregoing conditions. To the extent not specifically addressed herein, plaintiffs' remaining objections are **OVERRULED**. Because the remedial plan as modified herein is acceptable, the injunction is **LIFTED**. Implementation of the Orleans Community Fuels Reduction and Forest Health Project may continue pursuant to the modified remedial plan. *Counsel shall promptly serve a copy of this order on Timber Products Company.*

All matters having been concluded in this action, the case management conference set for September 29, 2011, is **VACATED**. **THE CLERK SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: September 26, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4